IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REBECCA TOWERY-CAMPBELL and E.T., a minor, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, INDIAN HEALTH SERVICES, CHICKASAW NATION HEALTH SYSTEMS, CARL ALBERT INDIAN HEALTH FACILITY, and BRENT WOODFIELD, M.D., | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. CIV-06-162-JHP

## ORDER and OPINION

The action now before the Court was originally filed in the United States District Court for the Western District of Oklahoma on February 27, 2006, and was transferred to the Eastern District on April 25, 2006, pursuant to Defendants' motion to dismiss for improper venue or, in the alternative, transfer venue. Plaintiffs now move to change venue back to the Western District [*see* Pltf. Mtn. for Change of Venue for Forum Conveniens, docket number 18], on grounds that they are planning to move into that jurisdiction, and pursuing the lawsuit there would be more convenient. Defendants oppose said motion. [*See* Def. Resp., docket number 20.]

Plaintiffs bring this action pursuant to the Federal Tort Claims Act (FTCA), alleging medical malpractice and/or negligence resulting from acts or omissions at the Carl Albert Indian Health Facility in Ada, Oklahoma. The FTCA constitutes a limited waiver of sovereign immunity by the United States for certain causes of action sounding in tort, according to the

1

terms and conditions specified by the Act.  See U.S. v. Orleans, 425 U.S. 807, 814 (1976).  The FTCA's terms and conditions, as well as the procedures established pursuant to the Act, must be strictly construed.  See, e.g., U.S. v. Kubrick, 444 U.S. 111, 117-18 (1979).

Venue of FTCA cases is governed by 28 U.S.C. § 1402, which provides that "[a]ny civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  Change of venue is governed by 28 U.S.C. § 1404(b), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In strictly construing these provisions, the Court must note that, while Plaintiffs **intend** to move to the Western District in the future, they did not reside there when the suit was filed, nor do they reside there today, nor did the acts giving rise to this suit occur there.  Therefore, venue would be inappropriate in the Western District, as the Court there has already noted. [See Order dated April 25, 2006, docket number 17).  The acts giving rise to this suit did, however, occur in the Eastern District, and venue here is therefore proper.  Accordingly, Plaintiffs' Motion for Change of Venue is DENIED.

IT IS SO ORDERED this 25th day of May 2006.

James H. Payne
United States District Judge
Eastern District of Oklahoma

2