# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REBECCA TOWERY-CAMBELL and E.T., a minor, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 06-CV-162-JHP ) |
| UNITED STATES OF AMERICA | ) ) |
| Defendant. | ) ) |

## ORDER AND OPINION

Before the Court is Defendant's Motion to Reduce Total Ad Damnum and Plaintiffs' Response in opposition. Defendant seeks to reduce the damages requested in Plaintiffs' Amended Complaint from $12,000,000 to $5,000,000. For the reasons set forth below, Defendant's Motion is DENIED.

## Background

On March 30, 1999, Plaintiff Rebecca Towery-Campbell, on behalf of herself and her child, E.T., filed an administrative claim against various federal and tribal entities for injuries sustained by Plaintiff E. T. when Plaintiff Rebecca Towery-Campbell suffered a uterine rupture while giving birth to E.T. on May 27, 1997. In their administrative claim, Plaintiffs state that "[Plaintiff E.T.] has sustained brain damage, the extent of which is yet to be quantified" and list $5,000,000 as the amount of total damages claimed. (Def.'s Mot. 3.) Although the record is not explicit, the Court presumes Plaintiffs' administrative claim was denied.

On February 27, 2006, Plaintiffs filed an action for negligence against Defendant United States of America in the U. S. District Court for the Western District of Oklahoma. The action

was subsequently transferred to this Court pursuant to 28 U.S.C. § 1406(a) on April 25, 2006. In their first Complaint, Plaintiffs initially requested damages in excess of $75,000. (Pls.' Compl. 3.) After seeking and obtaining the Court's permission, Plaintiffs filed an Amended Complaint. In the Amended Complaint, Plaintiffs request a judgment against Defendant in the amount of $12,000,000. (Pls.'Am. Compl. 2.) In response, Defendant filed a Motion to Reduce Total Ad Damnum, requesting the Court reduce the damages claimed in Plaintiffs' Amended Complaint from $12,000,000 to the $5,000,000 requested in Plaintiffs' administrative claim.

## Discussion

The Federal Tort Claims Act grants the district courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages...for...personal injury...caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). By its own terms, however, § 1346(b) is subject to certain limitations in other provisions. Among those provisions is 28 U.S.C. § 2675, which prohibits a plaintiff from instituting such actions in the district court "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). In addition to this administrative exhaustion requirement, § 2675 also states:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, *except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.*

28 U.S.C. § 2675(b) (emphasis added).

As a jurisdictional limitation, § 2675 must be strictly construed. *Franklin v. U.S.*, 992 F.2d 1492, 1503 (10th Cir. 1993). As a result, a plaintiff's "standard for obtaining an exception under § 2675 is high." *Benjamin v. U.S.*, 85 F. Supp. 2d 1034, 1036 (D. Colo. 2000) (citing *Reilly v. U.S.*, 863 F.2d 149, 173 (1st Cir. 1988)). "The goal of the administrative claim requirement is to let the government know what it is likely up against: mandating that a claimant propound a definite monetary demand ensures that '[t]he government will at all relevant times be aware of its maximum possible exposure to liability and will be in a position to make intelligent settlement decisions.'" *Reilly*, 863 F.2d at 173 (quoting *Martinez v. U.S.*, 780 F.2d 525 (5th Cir. 1986)).

Although acknowledging that they sought only $5,000,000 in their administrative claim, Plaintiffs contend that the increased relief requested in this case is justified on the basis of newly acquired evidence and intervening facts. Specifically, Plaintiffs assert that "[a]t the time of filing of the Administrative Claim [Plaintiff Rebecca Towery-Campbell] was unaware of the extent of her daughter's injuries, although they seemed slight in comparison to what she experiences now." (Pls.' Resp. 2.) Plaintiffs observe that "¶ 10 on Standard Form 95...states that brain damage was sustained but the extent of [the damage] is yet to be quantified" and assert that "[t]he claim was filed with the amount evaluated on the information known at the time." (Pls.' Resp. 2.) However, since the filing of the administrative claim, Plaintiffs allege that Plaintiff E.T. (1) has experienced a grand mal seizure that greatly affected her brain and forced her to relearn motor skills, (2) has experienced an increase in petit seizures, and (3) has undergone various surgeries, "including a vagal nerve stimulator surgery because of the increased severity of her seizure activity." (Pls.' Resp. 3.) In addition, Plaintiffs claim that although "E.T.'s brain

damage at first...was thought to be limited to short-duration petit seizures...after her first grand mal seizure...her brain damage has proven to be more severe and with cerebral palsy manifesting in considerable physical and mental disability." (Pls.' Resp. 3.) Plaintiff asserts that this information "was not known at the time of filing the administrative claim." (Pls.' Resp. 3.)

The Court notes that Defendant has filed no reply in support of its Motion and has challenged neither the facts submitted in the affidavit of Plaintiff Rebecca Towery-Campbell nor Plaintiffs' characterization of those facts in their Response. From the nature of the unopposed evidence offered by Plaintiffs, it appears that Plaintiff E.T. was initially diagnosed with a less severe condition and that unforeseen complications resulting from her grand mal seizure have led to increased medical expenses, affecting the measure of Plaintiffs' actual damages. The Court therefore concludes that Plaintiffs have presented proof of newly discovered evidence or intervening facts sufficient to justify a damage claim in this action in excess of the amount previously sought in the underlying administrative claim. As such, the Court concludes that Defendant's Motion should be denied.

## Conclusion

For the reasons set forth above, Defendant's Motion to Reduce Total Ad Damnum is hereby DENIED.

IT IS SO ORDERED this 21st day of February, 2007.

James H. Payne
United States District Judge
Eastern District of Oklahoma