IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA


REBECCA TOWERY-CAMPBELL            )
and E.T., a minor,                 )
                                   )
            Plaintiffs,            )
v.                                 )            Case No. 06-CV-162-JHP
                                   )
UNITED STATES OF AMERICA           )
                                   )
            Defendant.             )


## ORDER AND OPINION

Before the Court is the issue of this Court's subject matter jurisdiction over the claims

brought by Plaintiff Rebecca Towery-Campbell ("Towery-Campbell") individually. Having raised

the issue *sua sponte*, the Court directed the parties to brief the issue in supplements to their trial

briefs. Therefore, also before the Court are Plaintiffs' Supplemental Trial Brief [Docket No. 76] and

Defendant's Supplemental Trial Brief [Docket No. 75].

## Background

Towery-Campbell entered Carl Albert Indian Hospital in Ada, Oklahoma on May 26th, 1997

to give birth to her second child. Towery-Campbell originally planned to give birth naturally, but

on May 27th she suffered a uterine rupture and had to undergo a caesarean section. As a result of

the ruptured uterus, Towery-Campbell's child, E.T., sustained injuries of a serious and permanent

nature. Because of the permanency of her injuries, E.T. will need medical care for the rest of her life.

On February 27th 2006, Towery-Campbell filed a Federal Tort Claims Act suit against the

defendant on behalf of herself and her daughter, E.T. The lawsuit seeks damages both for E.T.'s

injuries and for injuries suffered by Towery-Campbell individually. During the course of this

litigation, no party has raised the issue of whether Towery-Campbell had properly exhausted her

administrative remedies before bringing suit as an individual. However, at a pre-trial conference held on July 19th 2007, the Court raised the issue *sua sponte*, and voiced its concern that the record was unclear as to whether the administrative remedies sought below were sought on behalf of both Towery-Campbell as an individual and on behalf of her daughter, E.T. The parties have briefed the issue at the Court's request, and have clarified the record so that the Court can now ascertain whether it has jurisdiction over the individual claims of Towery-Campbell.

## Discussion

The Federal Tort Claims Act requires administrative remedies be exhausted prior to filing of suit. 28 U.S.C. § 2675(a). This is a jurisdictional requirement that must be satisfied prior to filing suit. *Three-M Enterprises, Inc. v. U.S.* 548 F.2d 293, 294 (10th Cir. 1977). The regulation accompanying § 2675(a) states that:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a).

In the present case, the Court has examined the Standard Form 95 [Docket No. 76-2] filed by Towery-Campbell on March 30th 1999. The form provides notification of the incident in question:

> Rebecca Towery presented to Carl Albert Indian Health Facility on 5-27-97 to deliver Emma. Rebecca's condition required urgent care, however she did not receive proper care even though her symptoms indicated she should have been treated aggresively [sic]. As a result of the delay of treatment Emma suffered trauma, etc., resulting in brain damage to her.

[Docket No. 76-2 ¶8]. It is accompanied by a claim for money damages in a sum certain. [*Id*.at ¶ 12(b)]. Most importantly, it list *both* "Rebecca Towery, individually and as mother of Emma Towery" as claimants for "damage, injury, or death." [*Id*.at ¶ 2 and heading of form]. While the section of the form listing each injury alleged *does* only reference injury to E.T., the Court does not find this to be a fatal flaw. [*Id*.at ¶ 10]. The form clearly shows that both "Rebecca Towery" and "Emma Towery" are claimants for "damage, injury, or death."

The Court, therefore, finds that Towery-Campbell satisfied the 28 C.F.R. § 14.2(a) standard and properly put the Defendant on notice that Towery-Campbell was making a claim on her own behalf, in addition to the claim brought on behalf of her daughter, E.T. Therefore, the exhaustion requirement of § 2675(a) has been satisfied and jurisdiction before this Court is proper.

## Conclusion

For the reasons set forth above, the Court finds that it has jurisdiction over the claims of Towery-Campbell.

**DATED** this 11th day of October, 2007.

James H. Payne
United States District Judge
Eastern District of Oklahoma